1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   SHAUNTAE TAYLOR, | Case No.  2:23-cv-02353-WBS-JDP (PC) |
| 12                Plaintiff, | SCREENING ORDER FINDING THAT THE COMPLAINT CONTAINS UNRELATED CLAIMS AGAINST MULTIPLE DEFENDANTS AND CANNOT PROCEED AS ARTICULATED |
| 13          v. | |
| 14   N. CAMERON, *et al.*, | |
| 15                Defendants. | ECF No. 1 |
| 16 | ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DENYING HIS MOTION TO SEND EXHIBITS AS UNNECESSARY |
| 17 | |
| 18 | ECF Nos. 2 & 3 |
| 19 | |

20

21          Plaintiff, a state prisoner, alleges that he filed a grievance against defendant Cameron and

22   the officer violated his First Amendment rights by issuing a disciplinary violation in retaliation.

23   ECF No. 1 at 3.  He also claims that, at the subsequent disciplinary hearing, defendants

24   Benevidez and Abarca violated his procedural due process rights.  *Id.* at 5.  These two sets of

25   claims are sufficiently related to proceed in the same suit.  Plaintiff also alleges, however, that

26   defendants Lynch and Scotland did not adequately answer or investigate his grievances, thereby

27   failing to protect him and violating his Eighth Amendment rights.  *Id.* at 4.  This claim is

28   insufficiently related to proceed.  Plaintiff must, in an amended complaint, choose between these

                                                     1

1    two categories of claims or better explain how they are related.  I will also grant plaintiff's

2    application to proceed in forma pauperis, ECF No. 2, and deny his motion to submit send

3    exhibits, ECF No. 3, as unnecessary.

4                                    **Screening Order**

5        **I.      Screening and Pleading Requirements**

6            A federal court must screen a prisoner's complaint that seeks relief against a governmental

7    entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

8    claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

9    claim upon which relief may be granted, or seeks monetary relief from a defendant who is

10   immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

11           A complaint must contain a short and plain statement that plaintiff is entitled to relief,

12   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

13   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

14   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

15   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

16   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

17   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

18   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

19   give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

20   n.2 (9th Cir. 2006) (en banc) (citations omitted).

21           The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

22   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

23   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

24   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

25   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

26   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

27   1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

28

                                              2

1

## II.     Analysis

As stated above, plaintiff's First Amendment allegations against defendant Cameron for the retaliatory disciplinary violation and the due process allegations against Benevidez and Abarca are suitable to proceed together.  Plaintiff also alleges, however, that Warden Lynch and Appeal Investigator Scott violated his Eighth Amendment rights by failing to investigate and act upon grievances he filed.  ECF No. 1 at 4.  Having reviewed the complaint, I cannot tell how, if at all, this general claim about how these supervisory defendants have handled his grievances relates to plaintiff's more specific claims about the retaliatory disciplinary and its subsequent administrative proceedings.[1]  Unrelated claims against multiple defendants belong in separate suits.  Fed. R. Civ. P. 18(a), 20(a)(2).

Plaintiff must file an amended complaint that contains only related claims.  He is advised that the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Finally, plaintiff's request to send exhibits at a later date is denied as unnecessary. Plaintiff may attach exhibits to any filing he determines would benefit from those exhibits. Exhibits filed standalone on the docket, however, are discouraged.

Accordingly, it is ORDERED that:

1.  Within thirty days from the service of this order, plaintiff must file an amended complaint that complies with this order.  If he fails to do so, I will recommend that his unrelated claims be dismissed.

2.  The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

3.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

4.  Plaintiff's motion to send exhibits, ECF No. 3, is DENIED as unnecessary.

---

[1]After he filed his complaint, plaintiff filed a standalone collection of exhibits.  ECF No. 8.  I have reviewed them, and they do not appear to answer the problem of relation.  As a general practice, however, any complaint must be complete in and of itself.  Exhibits may be attached and referenced if plaintiff believes them relevant, but I will not parse exhibits to create claims and allegations that have not explicitly been alleged in the complaint.

IT IS SO ORDERED.

Dated:    December 11, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE