1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| SHAUNTAE TAYLOR, | Case No. 2:23-cv-02353-WBS-JDP (PC) |
|---|---|
| Plaintiff, | **ORDER** |
| v. | THAT PLAINTIFF INDICATE HIS INTENT TO PROCEED ONLY WITH THE CLAIMS DEEMED COGNIZABLE IN THIS ORDER OR FILE ANOTHER AMENDED COMPLAINT |
| N. CAMERON, *et al.*, | |
| Defendants. | |
| | ECF No. 12 |
| | RESPONSE DUE WITHIN THIRTY DAYS |

Plaintiff, a state prisoner proceeding without counsel, alleges that defendants violated his First, Eighth, and Fourteenth Amendment rights. ECF No. 12 at 4-8. After reviewing the complaint, I find that it states viable claims against defendants S. Benavidez, A. Abarca, and N. Cameron. It fails to state a viable claim against any other defendant. Plaintiff may either proceed only with his claims against these three defendants, or he may delay serving any defendant and amend his complaint again.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Analysis**

Plaintiff alleges that, in March 2023, defendant Cameron searched his cell in retaliation for a grievance plaintiff had filed against him. ECF No. 12 at 7. He claims that Cameron also issued false rules violation reports as part of this retaliation. *Id.* Plaintiff alleges that defendants

Abarca and Benavidez violated his due process rights when, at a subsequent disciplinary hearing, they denied him the opportunity to question adverse witnesses or present documents in his defense. *Id.* at 4. These allegations are cognizable.

Plaintiff's other claims are not. He broadly alleges that defendants have failed to protect him in violation of the Eighth Amendment but does not claim that he was threatened or suffered any physical danger from which he was not afforded protection. And, as to defendants Lynch and Scotland, both supervisory defendants, plaintiff has failed to allege sufficiently that either was personally involved in violating his rights. He vaguely alleges that both had knowledge and awareness of their subordinates' misdeeds, *id.* at 7, but does not adequately describe how they gained that knowledge or awareness. Plaintiff does allege that both were involved in evaluating and denying his grievances, but he offers few specifics, and his current allegations are insufficient to establish that either had the requisite personal involvement in violating his rights. Plaintiff is advised that respondeat superior liability is unavailable in the section 1983 context. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)

Plaintiff may proceed with the claims and defendants identified as viable in this order. Or he may delay serving any defendant and file another amended complaint. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff may either indicate his intent to proceed only with the First and Fourteenth Amendment claims against Abarca, Benavidez, and Cameron deemed cognizable in this order or he may delay serving any defendant and file another amended complaint. If he fails to do either, I may recommend this action be dismissed for failure to prosecute.

2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

IT IS SO ORDERED.

Dated:   March 15, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE