UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNTAE TAYLOR, | Case No. 2:23-cv-2353-WBS-JDP (P) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| N. CAMERON, *et al.*, | |
| Defendants. | |

Plaintiff Shauntae Taylor, a state prisoner, filed this action alleging that defendants Abarca, Benavidez, and Cameron violated his First and Fourteenth Amendment rights. ECF No. 12. Defendants have filed a motion to revoke plaintiff's *in forma pauperis* status, arguing that he has accumulated at least three strikes. ECF No. 28. Plaintiff has filed an opposition, ECF No. 35, and defendants have filed a reply, ECF No. 38. I recommend that defendants' motion be granted.

Under 28 U.S.C. § 1915(g), a prisoner plaintiff may not proceed *in forma pauperis* if he has filed three or more cases that have been dismissed for failure to state a claim upon which relief may be granted. Such "three-strikers" must pay the filing fee unless they allege that they are in imminent physical danger. Defendants maintain that plaintiff has had at least three cases dismissed for failure to state a claim.

1

A dismissal counts as a strike if the dismissal of the action is for frivolity, maliciousness, or for failure to state a claim, or if an appeal is dismissed for the same reasons. *See Lomax v. Ortiz-Marquez*, 590 U.S. ---, 140 S.Ct. 1721, 1723 (2020) (citing § 1915(g)); *see also Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes. It is immaterial whether the dismissal for failure to state a claim to count is with or without prejudice; both count as a strike under § 1915(g). *Lomax*, 140 S.Ct. at 1727.

As stated above, plaintiff has accumulated three strikes for cases that have been dismissed for failure to state a claim. In *Taylor v. Virga*, No. 2:10-cv-2731-WBS-GGH (P) (E.D. Cal. May 26, 2011) (ECF No. 16), the court dismissed plaintiff's first amended complaint for failure to state a claim. Plaintiff appealed the dismissal, but the Ninth Circuit affirmed the decision of the district court. ECF No. 24. In *Taylor v. Relevante*, 1:18-cv-0641-AWI-JDP (P) (E.D. Cal. May 2020) (ECF No. 19), the court dismissed plaintiff's first amended complaint for failure to state a claim. And in *Taylor v. Mimms*, 1:18-cv-1356-AWI-BAM (P) (E.D. Cal. Dec. 13, 2019) (ECF No. 21), the court dismissed plaintiff's first amended complaint for failure to state a claim.

Plaintiff argues that each of these three strikes should not count against him because he was in imminent danger each time.[1] ECF No. 35 at 1. Plaintiff, in his opposition, attempts to relitigate the dismissals of each action. However, this is not the proper forum to relitigate the merits of those prior cases. Notably, in the first case, *Taylor v. Virga*, the Ninth Circuit affirmed the district court's ruling. In the other two cases, *Taylor v. Relevante* and *Taylor v. Mimms*, plaintiff did not appeal those dismissals. Plaintiff has forgone the opportunity to challenge those dismissals, and the court will not re-evaluate the merits of those prior actions here.

Plaintiff also argues that the PLRA mandates the imposition of a strike only when a court dismisses a complaint for failure to state a claim during the initial screening. ECF No. 35 at 4-6. Plaintiff cites no authority for such a requirement, and the court has found none. As explained

---

[1] If plaintiff intended to argue that the imminent danger exception should apply in this case, that argument fails. The court has reviewed the initial complaint, filed October 17, 2023, and finds no allegation that plaintiff faced imminent danger at the time of filing. Without a showing that the plaintiff faced an "'imminent danger of serious physical injury' at the time of filing," the imminent danger exception to § 1915(g) does not apply. *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).

above, a strike occurs when a complaint is dismissed for failure to state a claim. *See Lomax*, 140 S.Ct. at 1727.

Accordingly, it is RECOMMENDED that defendants' motion to revoke plaintiff's *in forma pauperis* status, ECF No. 28, be GRANTED, and that plaintiff be directed to tender the full filing fee within twenty-one days of any order adopting these recommendations. Failure to do so will result in the recommendation that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 19, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE